FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 2:33 pm, Mar 24, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BOBBY PORTER,

    Petitioner,

v.

WARDEN EDGE,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-142

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Bobby Porter ("Porter") filed this 28 U.S.C. § 2241 Petition. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS** Porter's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Porter leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Porter that his suit is due to be dismissed. As indicated below, Porter will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Porter was convicted, after entry of a guilty plea, in the Eastern District of Tennessee of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). United States v. Porter, 2:09-cr-31 (E.D. Tenn. Sept. 1, 2009), ECF No. 223. The Eastern District of Tennessee court sentenced Porter to 235 months' imprisonment on August 31, 2010. Id. at ECF No. 734. Porter filed a direct appeal, and the Sixth Circuit Court of Appeals dismissed his appeal based on the appeal-waiver provision contained in Porter's plea agreement. Id. at ECF No. 886.

Porter filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on October 17, 2011. Id. at ECF No. 1017. In this motion, Porter alleged his plea was not entered into knowingly or voluntarily, the Government did not establish the scientific identification of the substance at issue or meet its burden that the recovered guns were related to the charged offense, his sentence was unduly harsh compared to similarly situated persons, and his counsel was ineffective in several ways, including failing to object to the use of uncounseled previous convictions to enhance his sentence. Id. The trial court denied Porter's motion on March 9, 2015. Id. at ECF No. 1275. Porter also filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), as supplemented, which the Eastern District of Tennessee court granted on August 17, 2017, reducing his sentence from 235 months' to 188 months' imprisonment. Id. at ECF No. 1403. Porter filed a second § 2255 motion in that court, which transferred Porter's motion to the Sixth Circuit Court of Appeals. Id. at ECF No. 1413. The Sixth Circuit dismissed the second or successive motion for lack of jurisdiction on June 5, 2018. Id. at ECF No. 1418. On July 26, 2019, Porter filed a motion for sentence reduction under the First Step Act. Id. at ECF No. 1456.

Porter's motion was granted, and his sentence was further reduced to 145 months' imprisonment. Id. at ECF No. 1493.[2]

## DISCUSSION

In his Petition, which was filed on November 26, 2018, Porter contends his criminal history points used to calculate his sentence were increased due to petty offenses, not felony convictions. Doc. 1 at 2. Stated another way, Porter asserts the trial court improperly enhanced his sentence.

### I.  Whether Porter can Proceed Under § 2241

Porter's Petition should be dismissed because it is a second or successive attack on his federal conviction that can only be made in compliance with § 2255, and Porter has not satisfied the requirements of § 2255. Porter's attempt to label his filing as a § 2241 petition does not help. His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or

---

[2]  Porter was released from the Bureau of Prisons' custody on November 29, 2019. https://www.bop.gov/inmateloc/, search for Register Number 21296-074, Bobby Porter, last visited Mar. 24, 2020. Porter has not notified the Court of any change in his address, which provides an alternative basis for dismissal of his Petition. See Local R. 11.1 ("Each . . . *pro se* litigant has a continuing obligation to apprise the Court of any address change.").

3

ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U. S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to

bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Porter does not present any of those circumstances through his instant Petition.³ Porter is clearly challenging his sentence. Doc. 1. This is the type of claim and requested relief that § 2255 encompasses. It is clear Porter is not attacking the manner in which his sentence is being executed but his sentence itself. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Porter with an adequate procedure to test his claim.

Further, Porter's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Porter may

---

³ Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

face a successiveness bar against a successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Porter an "adequate procedure" to test his conviction and sentence before the sentencing court. In fact, Porter had success in having his sentence reduced twice in the district of his conviction. Consequently, Porter cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Porter cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Porter leave to appeal *in forma pauperis*. Though Porter has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v.

United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Porter's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Porter *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Porter's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Porter leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Porter at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA